UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------x          22-CR-6053(CJS)
UNITED STATES OF AMERICA,

vs.
                                     Rochester, New York
DYSHIKA MCFADDEN,                    August 16, 2022
              Defendant.             9:36 a.m.
--------------------------x
**SENTENCING**

                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE CHARLES J. SIRAGUSA
               UNITED STATES DISTRICT JUDGE



                    TRINI E. ROSS, ESQ.
                    United States Attorney
                    BY:  CASSIE M. KOCHER, AUSA
                    100 State Street
                    Suite 500
                    Rochester, New York 14614

FOR DEFENDANT:      THE ROBINSON LAW FIRM
                    BY:  SAFA ROBINSON-FERRER, ESQ.
                    2480 Browncroft Boulevard
                    Rochester, New York 14614

ALSO PRESENT:       NICHOLAS BAVARIA, U.S. PROBATION OFFICER



COURT REPORTER:     Diane S. Martens
                    dmartensreporter@gmail.com

U.S. vs. McFadden - 22-CR-6053


1                    **P R O C E E D I N G S**

2                    *          *          *

3

4         (**WHEREUPON**, the defendant is present.)

9:35AM      5         **THE COURT:**  Folks, have a seat.  First of all, good

6    morning.

7         As I've explained, this is the matter of the United

8    States vs. Dyshika McFadden.

9         Appearing on behalf of Mr. McFadden is

9:36AM     10   Ms. Robinson-Ferrer, his attorney.

11        Ms. Kocher is here on behalf of the government.

12        And Mr. Bavaria on behalf of probation.

13        As you all knew, this matter was on for sentencing at

14   9:15.

9:36AM     15        Mr. McFadden is not here.  I want to explain what's

16   going on.

17        First of all, as I'm sure you are aware -- I don't

18   remember whether you guys were here when he pled guilty.

19        Were you here when he pled guilty?

9:36AM     20        (Gallery nodding no.)

21        **THE COURT:**  I just want to point out that Ms.

22   Robinson-Ferrer negotiated with Ms. Kocher to get a plea

23   agreement with a plea of civil disorder instead of arson.

24        He was charged with arson.

9:37AM     25        (People nodding yes.)

U.S. vs. McFadden - 22-CR-6053

9:37AM 1       **THE COURT:**  Remember, he was charged with arson?

2       That's a much more serious -- if memory serves me

3  correctly, he actually lit the match.

4       So, she negotiated to get him a lesser charge with

9:37AM 5  only -- if memory serves me correctly -- a 5-year maximum.

6       But he's not here.  Now, I said I'd give him five more

7  minutes.  Then I'm going to issue a bench warrant for him

8  which means that the Marshal Service will go out looking for

9  him.

9:37AM 10       Ms. Robinson-Ferrer did negotiate to try to limit his

11  liability to this 5 years but he's not here.  He has texted

12  her -- because I asked -- and said he's on his way.

13  Indicated that he was -- about 9:15, was going to be here

14  shortly.  Then indicated he thought it was on at 9:30.  I

9:38AM 15  don't know why he would think it was at 9:30 because we put

16  it on in court, I believe, for this time.

17       So I'm going to give him -- I'm just trying to explain

18  to you what's going on.

19       Have any of you heard from him?

9:38AM 20       **MS. ROBINSON-FERRER:**  Your Honor, if I may.  I do

21  apologize for interrupting.

22       I just got a text from him at 9:33 saying he's here.

23       **THE COURT:**  He's here.  Could you check and see if he's

24  actually here.

9:38AM 25       (Pause in proceedings.)

U.S. vs. McFadden - 22-CR-6053

9:39AM  1     **THE COURT:**  Thank you.

2     (Pause in proceedings.)

3     **THE COURT:**  For the record, this is the matter of the

4 United States vs. Dyshika McFadden.

9:40AM  5     Mr. McFadden, you're late.  20 minutes late.

6     Your family was all here on time.

7     Your attorney was here on time.

8     **THE DEFENDANT:**  I thought it was at 9:30.  I'm sorry.

9     **THE COURT:**  Well, you know, when we were in court last,

9:40AM  10 we put it on for 9:15.

11     In any event, for the record, you are Dyshika McFadden,

12 is that correct?

13     **THE DEFENDANT:**  Yes, sir.

14     **THE COURT:**  And you're appearing with your attorney miss

9:40AM  15 robs fair, is that correct?

16     **THE DEFENDANT:**  Yes, sir.

17     **THE COURT:**  Ms. Kocher is here on behalf of the

18 government.

19     Mr. Bavaria on behalf of probation.

9:40AM  20     As you know, this matter is on for sentencing.

21     And in that in that regard, I have received and reviewed

22 the presentence investigation report as revised dated

23 July 25th, 2022.

24     With respect to the revised presentence report, I

9:41AM  25 understand that you haven't had -- may not have had a chance

U.S. vs. McFadden - 22-CR-6053

9:41AM  1  to go over the revisions with Ms. Robinson-Ferrer but did you

2  go over the original presentence report with her?

3      (WHEREUPON, a discussion was held off the record

4       between the defendant and Ms. Robinson-Ferrer.)

9:41AM  5      **THE DEFENDANT:**  Yes.

6      **THE COURT:**  And did you read the report yourself?

7      **THE DEFENDANT:**  No, but me and her went through it

8  together.

9      **THE COURT:**  Did you read him the report?

9:41AM  10     **MS. ROBINSON-FERRER:**  Yes, your Honor.

11     **THE DEFENDANT:**  Yes.

12     **THE COURT:**  So did she read you the report?

13     **THE DEFENDANT:**  Yes.

14     **THE COURT:**  And did you discuss report with her?

9:41AM  15     **THE DEFENDANT:**  Yes, sir.

16     **THE COURT:**  So I just want to be clear.

17     The only changes in the report are to Paragraph 76 to

18  reflect the correct day that your grandfather died of

19  March 2022.

9:41AM  20     And the only other change was there was an error with

21  respect to your Social Security number?

22     **THE DEFENDANT:**  Yes.

23     **THE COURT:**  Those are the only changes; is that correct

24  Mr. Bavaria?

9:42AM  25     **PROBATION OFFICER BAVARIA:**  Yes, your Honor.

U.S. vs. McFadden - 22-CR-6053

9:42AM 1     **THE COURT:**  All right.  In any event, in addition to the

2    presentence investigation report, as revised with only those

3    two changes, I did receive the government's statement with

4    respect to sentencing factors dated July 20th, 2022.

9:42AM 5     And the statement regarding sentencing that Ms.

6    Robinson-Ferrer submitted on your behalf with a number of

7    what I'll call character letters.

8     An undated letter from Theresa Wilcox, a friend.  An

9    undated letter from Sarah Wilcox, your adopted sister.

9:42AM 10     A letter dated August 3rd, 2022, from a friend, April

11    McCloud.

12     A letter dated August 3rd, 2022, from a Minister James

13    Tucker.

14     An email dated August 1st, 2022, from your Aunt

9:42AM 15    Rosaline.

16     Is your aunt here today?

17     **THE DEFENDANT:**  She couldn't make it.  She's in the

18    process of moving to Atlanta.

19     **THE COURT:**  That's okay.

9:43AM 20     Work reviews from customers.

21     An undated letter from Jamelle Porter, a senior

22    recreation assistant, City of Rochester regarding some

23    community service hours.

24     Again, for the record, just so there's no confusion:

9:43AM 25    Ms. Robinson-Ferrer, you have received the presentence

U.S. vs. McFadden - 22-CR-6053

9:43AM  1   investigation report, is that correct?

2          **MS. ROBINSON-FERRER:**  That is correct, your Honor.

3          **THE COURT:**  And you read the report to Mr. McFadden; is

4   that correct?

9:43AM  5          **MS. ROBINSON-FERRER:**  That is correct.

6          **THE COURT:**  And you discussed it with him; is that

7   correct?

8          **MS. ROBINSON-FERRER:**  Yes, sir.

9          **THE COURT:**  Is that true again, Mr. McFadden?

9:43AM 10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:**  And the only changes we pointed out to

12   you -- do you understand that -- just the date of your

13   grandfather's passing and the correct Social Security number.

14   Do you want to look and make sure the Social Security number

9:43AM 15   is correct.  The date, I recall date of your grandfather's

16   passing as March of 2022, is that now correct?

17          **THE DEFENDANT:**  Yes.

18          **THE COURT:**  And is the Social Security number correct

19   now?

9:44AM 20          **THE DEFENDANT:**  Yes.

21          **THE COURT:**  Okay.  In any event, Ms. Kocher, has the

22   government received the revised presentence investigation

23   report?

24          **MS. KOCHER:**  Yes, your Honor.

9:44AM 25          **THE COURT:**  Why don't you introduce me to who's here.  I

U.S. vs. McFadden - 22-CR-6053

9:44AM   1   have met -- I was talking to them but I don't know who's

2   here.  They're certainly all welcome to be here.

3          **THE DEFENDANT:**  So it's my adopted mom.

4          **THE COURT:**  I'm sorry?

9:44AM   5          **THE DEFENDANT:**  My adopted mom.

6          **THERESA WILCOX:**  Theresa Wilcox.

7          **THE COURT:**  You're welcome to be here.

8          **THE DEFENDANT:**  My adopted sister.

9          **SARAH WILCOX:**  Sarah Wilcox.

9:44AM  10          **THE COURT:**  Nice to meet you.

11          **THE DEFENDANT:**  My niece Josaline (phonetic).

12          **THE COURT:**  Hello.

13          **THE DEFENDANT:**  My brother Omar.

14          **MR. SMITH:**  Jeremy Smith.

9:44AM  15          **THE COURT:**  And.

16          **MS. MCFADDEN:**  This is Kashton, his youngest.

17   I'm his mom.

18          **THE DEFENDANT:**  And then my aunt.

19          **COUSIN:**  Hi.  I'm his cousin.

9:44AM  20          **THE DEFENDANT:**  And another one of my friends, Robert.

21   And another friend Antoney (phonetic).

22          **THE COURT:**  And they're, as I explained, they're

23   certainly all welcome to be here.

24          And I was explaining to them before you arrived that the

9:45AM  25   plea agreement that Ms. Robinson-Ferrer negotiated on your

U.S. vs. McFadden - 22-CR-6053

9:45AM
1    behalf was significant in that the charge you pled to was

2    civil disorder as opposed to the arson charge that you were

3    originally lodged against you on the state side.

4         The significance is that civil disorder has a far lesser

9:45AM
5    maximum penalty of 5 years than what you could have been

6    charged with.

7         In any event, the Court is prepared to proceed to

8    sentencing.

9         Does the government move sentence?

9:45AM
10        **MS. KOCHER:**  Yes, your Honor.

11        **THE COURT:**  Is there anything you want to say?

12        **MS. KOCHER:**  No, your Honor.  I'll rest on the record --

13   my submissions.  Thank you.

14        **THE COURT:**  Ms. Robinson-Ferrer, the Court appreciates

9:45AM
15   all your efforts on behalf of Mr. McFadden.  I'm sure Mr.

16   McFadden does, and his family does as well.

17        Is there anything additional you want to say on behalf

18   of Mr. McFadden?

19        I do note you did point out in your submissions, in

9:46AM
20   addition to the character letters, that Mr. McFadden was very

21   close to his grandfather and that passing was difficult for

22   him.  And you described the tragic death of his brother who

23   was gunned down.

24        I do want to point out before we have a chance to hear

9:46AM
25   from you, that in the plea agreement, that the Guidelines --

U.S. vs. McFadden - 22-CR-6053

9:46AM  1  and I'll talk about the Guidelines -- but the Guideline range

2  in the plea agreement is 30 to 37 months.

3      And in the agreement, which, Mr. McFadden, you signed,

4  you agreed not to ask for any sentence outside that range.

9:46AM  5      Do you recall that?

6      **THE DEFENDANT:**  Yes.

7      **THE COURT:**  Now, obviously, Ms. -- and let me just refer

8  to what I'm speaking about so your family knows.

9      Mr. McFadden signed the plea agreement.  The Guidelines

9:47AM  10  a recommendation to the judge for a sentence, came back to 30

11  to 37 months.  So the recommendation was that he be sentenced

12  to somewhere between 30 and 37 months.

13      In the plea agreement, both Mr. McFadden and the

14  government agreed that they weren't going to ask for any

9:47AM  15  sentence other than one within that range.

16      In that regard, Ms. Robinson-Ferrer is urging the low

17  end of 30 months.

18      But I want you to understand that -- because many times

19  family members will come in, great guy, why don't you give

9:47AM  20  him a break, let him come back, let him leave -- but I just

21  want you to understand that that is the plea agreement into

22  which he entered.

23      Do you all understand that?

24      **MS. MCFADDEN:**  Yes, sir.

9:48AM  25      **THE COURT:**  I'm sorry, Ms. Robinson-Ferrer.

U.S. vs. McFadden - 22-CR-6053

9:48AM  1    Go ahead, please.

2    **MS. ROBINSON-FERRER:**  Thank you, your Honor.

3    I would note for the Court, in going through the

4    character letters, there was a letter submitted by his

9:48AM  5    mother, as well, Lisa McFadden.  She has just entered the

6    courtroom as well along with his eldest son who is also

7    present here.

8    It as been the utmost pleasure to represent Mr.

9    McFadden.  He is an amazing young man who will do great and

9:48AM  10   amazing things.  He's persevered through a lot in his life

11   and he is going to make us all proud.

12   **THE COURT:**  Mr. McFadden, this is your opportunity to

13   address me, to tell me what you want -- or maybe more

14   importantly, to talk to your family.  You know, you do have

9:49AM  15   some prior involvements in the criminal justice system.  I'm

16   guessing in those prior involvements your family stood by

17   you.

18   I am aware that while released here, you were allowed to

19   go to California and there was an open misdemeanor charge

9:49AM  20   against you in California.  I doubt, knowing how things are

21   done in California, that they will do anything to you but

22   there is that open misdemeanor charge, at least that's --

23   Mr. Bavaria, is that correct, there's that open

24   misdemeanor charge in California?

9:49AM  25   **PROBATION OFFICER BAVARIA:**  Yes, your Honor.

U.S. vs. McFadden - 22-CR-6053

9:49AM  1      **THE COURT:**  I doubt whether a warrant would be lodged

2    against you.  But that's another charge.

3          So, again, this is your chance to tell me what you want.

4          And while the Guidelines are 30 to 37 months, as you

9:49AM  5    know, and as I made clear when you pled, I can give you

6    anything up to 5 years.

7          Anything you want to say to me or, again, more

8    importantly maybe to your family?

9          (WHEREUPON, a discussion was held off the record

9:50AM  10         between defendant and Ms. Robinson-Ferrer.)

11     **THE DEFENDANT:**  Yes.  First, I want to say sorry for

12    being late.  And then I, honestly I did something that kind

13    of messed up my life for a while now.  Honestly, I --

14    probably one of the biggest mistakes I've made in my life.

9:50AM  15    I've lost a lot of people throughout this thing.  And I never

16    really got a chance to, like, grieve the correct way.  I just

17    been worried about getting this stuff under wraps.

18          And, honestly, that day was, it was really hectic and I

19    just got caught up just being with everyone else and I've

9:51AM  20    learned that you got to control your feelings and emotions

21    because, if not, you can end up like this and have something

22    like, something like -- it can just ruin your life,

23    basically.

24          So, yeah, I apologize for even you having to be here for

9:51AM  25    this.  And I'm sorry for making mistakes and, you know,

U.S. vs. McFadden - 22-CR-6053

9:51AM  1   stressing everybody out.

2   **THE COURT:**  All right.  Thank you.

3       The Court, then, is prepared to pass sentence on you.

4       And in that regard, I have received the revised

9:51AM  5   presentence investigation report and other submissions to

6   which I've referred.

7       I read carefully what Ms. Robinson-Ferrer submitted on

8   your behalf, including the letters.

9       I listened to what you said.

9:52AM  10      And I read what Ms. Kocher submitted.

11      You stand before me -- you're a young guy -- 28 years

12  old and you're here for sentencing after pleading guilty to

13  civil disorder.

14      As we discussed when you pled guilty, this is a Class D

9:52AM  15  felony under federal law in violation of 18 U.S.C. Section

16  231(a)(3) punishable by not more than 5 years in prison, a

17  quarter of a million dollars fine or both.

18      Again, that's significantly less than the maximum

19  sentence for an arson type charge.

9:52AM  20      On May 16th of this year, you appeared before me, you

21  waived indictment and pled guilty to this charge.

22      Your plea was by way of a written plea agreement

23  pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

24  Procedure; that is, as I discussed with you, the plea you

9:53AM  25  entered was nonrevocable and it was entered with the full

U.S. vs. McFadden - 22-CR-6053

9:53AM  1  understanding and appreciation that any recommendations or

2  calculations contained in the plea agreement would not be

3  binding upon me and I could impose upon you the maximum

4  sentence allowable under law which would be 5 years in

9:53AM  5  prison -- 60 months -- a $250,000 fine, or both.

6      As a condition of the plea, the government agreed not to

7  oppose a recommendation that when I calculated the advisory

8  Sentencing Guidelines about which you and I spoke, that I

9  reduce your offense level for what's called acceptance of

9:53AM  10  responsibility.

11      But I told you you didn't get that automatically.  You

12  had to convince me, the judge who's sentencing you, that you

13  were remorseful.  I tell this to every defendant who appears

14  in front of me, Mr. McFadden:  Whether somebody's truly

9:53AM  15  remorseful, I don't know.  I don't have a crystal ball.

16  Obviously anyone who comes in front of a judge for sentencing

17  says they're sorry.  You know, some come in carrying Bibles,

18  Rosaries.  It's a little disconcerting that you were late.

19      But, nonetheless, based on all the information Ms.

9:54AM  20  Robinson-Ferrer has brought to my attention on your behalf,

21  based on upon your plea of guilty, based upon Mr. Bavaria's

22  recommendation in Paragraph 33 of the presentence report,

23  and, frankly, based on me sizing you up, I do believe you're

24  sorry.  I do believe, as you sit here now, you're

9:54AM  25  remorseful -- not just for yourself but maybe, more

U.S. vs. McFadden - 22-CR-6053

9:54AM 1  significantly, for your family who's standing by you and, in
2  a real sense, along with you, receives a sentence.  And
3  hopefully you're sorry for your community.

4      Certainly no one would challenge or question the ability
9:55AM 5  of anyone to peaceful protest.  That's our right in this
6  country and it should be exercised.  But you can't turn into
7  violence because that serves no purpose.

8      So I'll give you the benefit of that reduction in
9  calculating your advisory Sentencing Guidelines.

9:55AM 10     Nonetheless, in your plea of guilty, you did acknowledge
11 to me, and admit, that on May 30th of 2020, here in the City
12 of Rochester, that you committed, and attempted to commit, an
13 act to obstruct, impede and interfere with police officers
14 lawfully engaged in the performance of their official duties
9:55AM 15 incident to and during the commission of the civil disorder.

16     And you acknowledged the civil disorder obstructed,
17 delayed and adversely affected commerce or the movement of
18 articles and commodities in commerce.

19     We got into more of the nitty gritty and you admitted
9:56AM 20 that on May 30th protests, you were aware, were scheduled at
21 the Public Safety Building on Exchange Street here in
22 Rochester in response to the death of George Floyd in
23 Minneapolis, Minnesota.

24     You were aware that officers employed by the Rochester
9:56AM 25 Police Department were assigned to assist crowd control

U.S. vs. McFadden - 22-CR-6053

9:56AM    1   during the protests.  Marked patrol vehicles, including one

2   that you didn't dispute, had plate number 463, that we

3   referred to as RPD car number 463 were parked in front of the

4   Public Safety Building.  You told me that car 463 was readily

9:57AM    5   identifiable as a police car by its markings on all sides of

6   the vehicle and a light bar on the top.  And you admitted

7   that hundreds of protestors were gathering near the Public

8   Safety Building.

9        You agreed that during the evening, the protests turned

9:57AM   10   violent resulting in damaged property, looting and fires.

11   You observed and agreed that several protestors damaged

12   vehicles at and across the street from the Public Safety

13   Building by breaking windows and lighting them on fire.  You

14   told me that you were aware that a nearby commercial building

9:57AM   15   at 144 Exchange Street was broken into and vending machines

16   were ransacked.  You were aware that throughout the city,

17   businesses, including liquor stores, pharmacies, were

18   vandalized and looted.  You admitted that the actions of the

19   group on May 30th, 2020, did, in fact, constitute civil

9:58AM   20   disorder within the meaning of federal law, and you did not

21   dispute and agreed that such civil disorder obstructed,

22   delayed and adversely affected commerce within the meaning of

23   federal law because the items involved had moved in commerce.

24        You told me that on May 30th at about 5:05 p.m., you

9:58AM   25   were present with a group of protestors at the Public Safety

U.S. vs. McFadden - 22-CR-6053

9:58AM 1   Building.  And that at that time, you and others used an

2   aerosol can and an open flame to set fire to RPD car 463

3   while it was parked in front of the Public Safety Building.

4   You agreed that RPD car 463 was the property of the Rochester

9:58AM 5   Police Department and the City of Rochester and you were

6   aware that RPD car 463 was completely destroyed by the fire.

7   You did not dispute, and, in fact, admitted, that the fire

8   was incendiary, intentionally set by you, with the assistance

9   of others to obstruct, impede or interfere with law

9:59AM 10   enforcement officers who were there trying to maintain

11   control during these protests which turned violent.

12       As I mentioned, this is not your first involvement with

13   the criminal justice system.

14       Looking at the presentence report, starting at Page 9.

9:59AM 15   At 17, you were arrested for assault second out of the Town

16   of Chili that involved, at least according to the presentence

17   report, you using a golf club to strike someone on the back

18   of the head creating a laceration that required staples.  You

19   got a break on that, though.  You were allowed to plead to a

10:00AM 20   misdemeanor.  You were given youthful offender treatment

21   which means the conviction was vacated so you had not been

22   convicted of a crime.  You got three years probation.

23   However, your probation was violated and you were resentenced

24   to eight weekends in jail.

10:00AM 25       Then at age 20, you were arrested for attempted robbery

U.S. vs. McFadden - 22-CR-6053

10:00AM  1  second.  Again, however, you were allowed to plead to a

2  misdemeanor and got 16 days in jail.

3       At 21, you were convicted of criminal use of drug

4  paraphernalia second.  Received 2 years probation.  But,

10:00AM  5  again, violated, and got 90 days in jail.

6       At 23, you were arrested for a felony, criminal

7  possession of a controlled substance fifth but ended up

8  pleading to a misdemeanor and got another 90 days in jail,

9  according to the presentence report.

10:01AM  10       Is that not correct?

11       **MS. ROBINSON-FERRER:**  Your Honor, my client tells me

12  that that is not correct, that he did not do the 90 days in

13  jail.

14       **THE COURT:**  Let me be clear.  It say on April 11th,

10:01AM  15  2018, he pled guilty to criminal possession of a controlled

16  substance fifth and received 90 days in jail.

17       Is that not correct?

18       It goes on to say:  According to Monroe County probation

19  records on December 29th, 2017, the defendant was pulled over

10:01AM  20  by the New York State University Police at Brockport for

21  speeding.  During the traffic stop, the officer detected a

22  strong odor of burnt marijuana.  The defendant and his

23  vehicle were searched and defendant was found to have

24  approximately 2.54 grams of rock cocaine located on his

10:02AM  25  person.  He was also found to have three separate bundles of

U.S. vs. McFadden - 22-CR-6053

10:02AM   1   U.S. currency on his person totaling $6,333.

          2        Is that not correct?

          3        (WHEREUPON, a discussion was held off the record

          4         between defendant and Ms. Robinson-Ferrer.)

10:02AM   5        **MS. ROBINSON-FERRER:**  Your Honor, he was just clarifying

          6   that he didn't have two 90-day sentences.  He only did a

          7   90-day sentence once.

          8        **THE COURT:**  I'm looking at the timing.  That may well

          9   be.  Although it says -- maybe it's an error -- it says the

10:02AM  10   one revocation sentence occurred on 3/20/18.  So, perhaps, it

         11   was run concurrent.  In any event, you did 90 days; is that

         12   correct?

         13        **THE DEFENDANT:**  Yes.  Yes, sir.

         14        **THE COURT:**  We also have this charge that's still

10:03AM  15   outstanding from Burbank, California court stemming from

         16   February 6th, 2020, where apparently there's an outstanding

         17   warrant.  Because it's a misdemeanor, I doubt whether it's

         18   been lodged as any kind of detainer and it may well be that

         19   that won't be pursued but be aware that you have that pending

10:03AM  20   warrant.

         21        As we discussed when you pled guilty, Mr. McFadden,

         22   sentencing in this action is pursuant to the Sentencing

         23   Reform Act of 1984.

         24        In that regard, Ms. Robinson-Ferrer has indicated that

10:03AM  25   she's received a copy of the original presentence report and

U.S. vs. McFadden - 22-CR-6053

10:04AM   1  we discussed the revisions.  And as indicated in her

2  sentencing statement, neither you or she has any objections

3  to the statements contained in the presentence investigation

4  report with those two corrections.

10:04AM   5       And, accordingly, the Court does adopt the statements

6  contained in the revised presentence investigation report as

7  its findings of fact.

8       Here's what I'm supposed to do.  I'm supposed to impose

9  a sentence that's sufficient but not greater than necessary

10:04AM  10  to comply with a number of sentencing objectives as they're

11  set out in federal law.

12       And I've considered those.  I've considered the nature

13  and circumstances of this crime, as well as your history and

14  characteristics.  I've considered the need for the sentence

10:04AM  15  imposed to reflect the seriousness of what you did.

16       And let's make no mistake.  It's serious.

17       First of all, it's a felony which, by definition, is a

18  serious crime.  But beyond that, I can only imagine the

19  potential for violence or serious harm that existed when

10:05AM  20  people start rioting, essentially, and burn and loot.

21       I've considered what is the right sentence to promote

22  respect for the law.  As I mentioned, peaceful protest is our

23  right as citizens in this country.  But in doing so, we

24  obviously have to respect the law.

10:05AM  25       I've determined what is the just punishment for you.

U.S. vs. McFadden - 22-CR-6053

10:05AM 1   I've also considered what is the right punishment to try to

2   send a message of deterrence to the community to hopefully

3   have people pay attention and say I can't do this, if for no

4   other reason than I don't want to get this kind of sentence.

10:05AM 5       I've considered what is the appropriate sentence to

6   provide you with whatever care, treatment or training you

7   need in the most effective manner.

8       And I've considered the importance of avoiding

9   unwarranted sentencing differences among defendants with

10:06AM 10  similar records who have been found guilty of similar

11  conduct.

12      I've also, obviously, considered the sentences

13  available, both those allowed under the statute.  I know I

14  could give you 60 months -- 5 years.

10:06AM 15      I've also considered those recommended under the

16  advisory Guidelines.

17      And of course, I've considered the issue of restitution.

18      As to the advisory Sentencing Guidelines, in accordance

19  with the Second Circuit's direction in the Crosby and

10:06AM 20  Gonzalez cases, I've made the following findings which have

21  allowed me to properly consider the advisory Sentencing

22  Guidelines, along with all other sentencing factors.

23      I've determined that your base offense level is 20.

24      But I do believe, as I said, that you merit a reduction

10:06AM 25  for acceptance of responsibility because I believe, as you

U.S. vs. McFadden - 22-CR-6053

10:06AM  1  sit here now, you're sorry and if you had to do it over

2  again, would make different choices.  That takes you down to

3  a 17.

4       Your Criminal History Category is III.  III is kind of

10:07AM  5  kind of in the middle.  The lowest is I.  The highest is VI.

6       With a Criminal History Category of III and an offense

7  level of 17, the recommended range under the advisory

8  Sentencing Guidelines is 30 to 37 months.

9       The recommended period of supervised release is 1 to 3

10:07AM  10  years.  Probation is not recommended.  The fine range

11  recommended is 10,000 to 95,000.  Restitution is due and

12  owing in the amount of $4,287.  And you have to pay a $100

13  special assessment that, as we discussed when you pled

14  guilty, everyone convicted of a felony must pay.

10:07AM  15       So those are my options under the advisory Guidelines.

16       So what sentence should I give you?  Well, I think I

17  clearly could give you a sentence toward the high end of the

18  statutory maximum based on not just what you did but,

19  frankly, a documented history of not following the rules.  I

10:08AM  20  look at the breaks you got in prior cases.  But in two of

21  them they were accompanied by violations of probation.  So

22  you didn't follow the rules.  Clearly in this case you didn't

23  follow the rules.

24       On the other hand, Ms. Robinson-Ferrer, on your behalf,

10:08AM  25  has made a compelling argument suggesting that entering into

U.S. vs. McFadden - 22-CR-6053

10:08AM   1   this episode was the death of your grandfather and the

          2   tragedy that befell your brother when he was gunned down.

          3        Go ahead.

          4        **THE DEFENDANT:**  My, my grandma passed, as well --

10:09AM   5        **THE COURT:**  Your grandma?

          6        **THE DEFENDANT:**  -- throughout that.

          7        **THE COURT:**  No one in any way would minimize the deaths

          8   of people close to you but, obviously, you can't justify

          9   engaging in lawless conduct.

10:09AM  10        In any event, Ms. Robinson-Ferrer, on your behalf, has

         11   convinced me that you should get the low end of that

         12   Guideline range to which you agreed.

         13        Now, is it a big difference?  No.  But seven months is

         14   seven months.  But it's certainly not 5 years.

10:09AM  15        As you know -- and you may not know -- if you behave,

         16   you'll only have to do 85 percent of that sentence so that

         17   will get you down to about, I don't know, 2 years.

         18        But the Court does believe that 30 months is justified

         19   in your case and is the sentence sufficient but not greater

10:09AM  20   than necessary to comply with the objectives of sentencing as

         21   set forth in federal law as applied to the facts and

         22   circumstances of your case.

         23        The court then has carefully considered all the facts

         24   and circumstances surrounding your conviction, as well

10:10AM  25   as the objectives of sentencing as set forth in 18 U.S.C.

U.S. vs. McFadden - 22-CR-6053

10:10AM    1    Section 3553.

2         Pursuant to that section of law and pursuant to the

3    Sentencing Reform Act of 1984, it is the judgment of the

4    Court that you, Dyshika McFadden, are hereby committed to the

10:10AM    5    custody of the Bureau of Prisons to be imprisoned for a term

6    of 30 months.

7         The cost of incarceration fee is waived.

8         Upon your release from imprisonment, you shall be placed

9    on supervised release for 3 years.

10:10AM   10         You must report to the probation office in the federal

11    district where you are authorized to reside within 72 hours

12    of release from imprisonment, unless the probation office

13    instructs you to report to a different probation office

14    within a different timeframe.

10:10AM   15         While on supervised release, you shall not commit

16    another federal, state or local crime.

17         You are prohibited from possessing a firearm,

18    ammunition, other dangerous device.

19         In addition, you shall not possess a controlled

10:11AM   20    substance.  And here in federal court, that still means

21    marijuana.

22         And shall comply with the standard conditions that have

23    been adopted by this court.

24         Additionally, you shall comply with the following

10:11AM   25    conditions:  Since the instant offense occurred after

U.S. vs. McFadden - 22-CR-6053

10:11AM   1   September 13th, 1994, drug testing is required by the 1994

          2   Crime Control Act.

          3       Moreover, you shall cooperate in the collection of a DNA

          4   sample as required by the Justice For All Act of 2004.

10:11AM   5       Moreover, while on supervised release, you shall

          6   participate in a program for substance abuse including

          7   substance abuse testing, such as urinalysis and other

          8   testing, and shall undergo a drug/alcohol evaluation and

          9   treatment if substance is indicated by the testing.

10:11AM  10       The probation office will supervise the details of any

         11   testing and treatment including the selection of a treatment

         12   provider and schedule.  If inpatient treatment is

         13   recommended, however, either I must approve it or you must

         14   agree.

10:12AM  15       If treatment is required, you're not to leave treatment

         16   until completion or as ordered by Court.  And while in

         17   treatment and after discharge, you are to abstain from the

         18   use of alcohol.  To the extent any treatment is required,

         19   you're to contribute to the cost of services rendered.

10:12AM  20       Finally, while on supervised release, you shall submit

         21   to a search of your person, property, vehicle, place of

         22   residence or other property under your control based upon

         23   reasonable suspicion and permit confiscation of any evidence

         24   or contraband discovered.

10:12AM  25       Pursuant to 18 U.S.C. Section 3663(a), it is ordered

U.S. vs. McFadden - 22-CR-6053

|           |    |                                                                    |
|-----------|----|--------------------------------------------------------------------|
| 10:12AM   | 1  | that you make restitution to the city of Rochester in the          |
|           | 2  | amount of $4,287.  The restitution is due immediately.             |
|           | 3  | Interest on the restitution is waived.  Restitution will be        |
|           | 4  | joint and several with any other defendants convicted in this      |
| 10:12AM   | 5  | case or any related case who share the same victim and             |
|           | 6  | losses, specifically Miguel Ramos and Christopher Tindal.          |
|           | 7  |     What does that mean?  It means the City has to receive         |
|           | 8  | $4,287 not from each of you, but whoever has access to that        |
|           | 9  | money has to pay it.                                               |
| 10:13AM   | 10 |     You understand that?                                           |
|           | 11 |     **THE DEFENDANT:**  Yes, sir.                                  |
|           | 12 |     **THE COURT:**  The restitution is due in full within the 30  |
|           | 13 | days of sentencing.                                                |
|           | 14 |     However, if it can't be paid, Mr. Bavaria, will it be          |
| 10:13AM   | 15 | under the Bureau of Prisons financial Responsibility Program?      |
|           | 16 |     I assume -- can you pay this?                                   |
|           | 17 |     (WHEREUPON, a discussion held off the record                   |
|           | 18 |      between defendant and Ms. Robinson-Ferrer.)                   |
|           | 19 |     **THE COURT:**  Go ahead.                                      |
| 10:13AM   | 20 |     **PROBATION OFFICER BAVARIA:**  Your Honor, my understanding   |
|           | 21 | during the investigation, the defendant does have the             |
|           | 22 | resources to pay within 30 days, so.                               |
|           | 23 |     **THE COURT:**  I just want to make sure that's correct.       |
|           | 24 |     Do you have the resources to pay this?                         |
| 10:14AM   | 25 |     **THE DEFENDANT:**  Yes, I have a business so, yeah, I...      |

U.S. vs. McFadden - 22-CR-6053

10:14AM  1      **THE COURT:**  All right.  So I want it paid within 30

2    days; do you understand?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  It's further ordered that you pay a special

10:14AM  5    assessment of $100 which is due immediately.  Presumably, you

6    can make that payment as well.

7          Now, pursuant to the plea agreement, since this sentence

8    is in accordance with the terms and conditions of the plea

9    agreement, you have agreed to give up your right to appeal or

10:14AM 10   collaterally attack the sentence imposed.

11         Does the government move to dismiss the complaint?

12         **MS. KOCHER:**  Yes, your Honor.

13         **THE COURT:**  Let me just say something to you.

14         I realize no one wants to go to prison.  And I'm not

10:14AM 15   suggesting in any way that 30 months isn't a long time.  I

16   mean, I guess any amount of time you do in prison is a long

17   time.  But it is certainly not what you could have faced.

18         Do you understand that?

19         **THE DEFENDANT:**  Yes, sir.

10:14AM 20         **THE COURT:**  You could have been prosecuted for arson on

21   the state side which -- I'm trying to remember.  Is that a

22   Class D?

23         **MS. KOCHER:**  I'm not sure your Honor.  He was actually

24   charged with arson here on the criminal complaint originally,

10:15AM 25   as well, which carries a mandatory minimum of 5 years.  And,

U.S. vs. McFadden - 22-CR-6053

10:15AM  1    I'm sorry, I can't remember the maximum --

2         **THE COURT:**  20.

3         **MS. KOCHER:**  -- right now.  Yeah.

4         **THE COURT:**  But the point I'm trying to make is you can

10:15AM  5    thank Ms. Robinson-Ferrer, and actually Ms. Kocher as well,

6    for negotiating to put you in a position where you're facing

7    a significantly less sentence.

8         I have to say:  I don't understand.  I mean, certainly

9    I'm sympathetic to the passing of your grandparents and your

10:15AM 10    brother.  But you seem very articulate.  You had a successful

11    business.  You're still a young guy, obviously.  But why you

12    would engage in this conduct is beyond me, especially with

13    the family support that you have.  Many times people who come

14    in here, for sentencing, you know what?  No one shows up.

10:15AM 15    Obviously you have strong support.

16         I hope you make the most of your time.  I hope you come

17    out with a renewed commitment to make up to your family for

18    some of the harm you caused them because, as I said, in a

19    real sense, they received this punishment, too.

10:16AM 20         And I hope you come out with a renewed commitment to do

21    something positive for your community, as well.  Certainly

22    you can promote whatever causes you want but you should do so

23    in a peaceful way.

24         Now, I do note from the presentence investigation report

10:16AM 25    that you started using marijuana at 14; is that correct?

U.S. vs. McFadden – 22-CR-6053

10:16AM    1     **THE DEFENDANT:** Yes.

2     **THE COURT:** Now, tell me the truth. Was three years ago

3 the last time you smoked any blunts or have you continued to

4 smoke?

10:16AM    5     **THE DEFENDANT:** No, I haven't, I haven't smoked at all.

6     **THE COURT:** So that's truthful, three years ago?

7     **THE DEFENDANT:** Just since about when I started this

8 thing, so like about two years and some change.

9     **THE COURT:** Okay. In any event, pursuant to Ms.

10:17AM   10 Robinson-Ferrer's request, if you want to avail yourself of

11 any Bureau of Prisons substance abuse therapy programs to

12 insure that you don't get into a situation where you use

13 marijuana again and you qualify for such programs, I'll

14 recommend you be allowed to participate.

10:17AM   15     I don't know if you qualify for the residential drug

16 treatment program.

17     **PROBATION OFFICER BAVARIA:** (Nodding no.)

18     **THE COURT:** No.

19     In any event, additionally, pursuant to her request, I

10:17AM   20 will recommend that you be housed in a suitable Bureau of

21 Prisons facility as close to Rochester as possible.

22     I make that recommendation for this reason. You're

23 coming out with a felony record. I know you have your own

24 business but, again, it's a felony record. You're going to

10:18AM   25 need the support of your family. Obviously they're

U.S. vs. McFadden - 22-CR-6053

10:18AM   1   supporting you now.  And I want to make it as easy on them to
          2   stay in touch with you as possible.
          3        Now, having said that, the closest facility is
          4   Pennsylvania.  I don't know if you qualify for that but I
10:18AM   5   will recommend that he be housed in a suitable Bureau of
          6   Prisons facility as close to the Rochester area as possible.
          7        Now, before you're taken into custody, do you have
          8   anything that you want to give to your family, rings, wallet,
          9   anything like that?  So you can hand it to them before I take
10:18AM  10   you in.
         11        **THE DEFENDANT:**  No.
         12        **THE COURT:**  No jewelry or anything?  All right.
         13        Then that completes the sentencing.  You're remanded to
         14   custody.  Good luck.
10:18AM  15        **PROBATION OFFICER BAVARIA:**  Your Honor, I apologize.
         16   I'm not sure if I heard the Court waived a fine.
         17        **THE COURT:**  I'm sorry.  I did not.
         18        Because of the restitution -- thank you, Mr. Bavaria --
         19   I'm not going to impose any fine.
10:19AM  20        (WHEREUPON, proceedings adjourned.)
         21
         22
         23
         24
         25

U.S. vs. McFadden - 22-CR-6053

9:55AM    1

          2                    *          *          *

          3              **CERTIFICATE OF REPORTER**

          4

9:55AM    5          In accordance with 28, U.S.C., 753(b), I

          6   certify that these original notes are a true and correct

          7   record of proceedings in the United States District Court

          8   of the Western District of New York before the

          9   Honorable Charles J. Siragusa on August 16, 2022.

9:55AM   10

         11

         12   S/ Diane S. Martens

         13   Diane S. Martens, FCRR, RPR
              Official Court Reporter

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25