```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------x        22-CR-6053(CJS)
UNITED STATES OF AMERICA,

vs.
                                   Rochester, New York
DYSHIKA MCFADDEN,                  August 29, 2022
              Defendant.           9:36 a.m.
--------------------------x
```
**RESENTENCING**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE



TRINI E. ROSS, ESQ.
United States Attorney
BY:  CASSIE M. KOCHER, AUSA
100 State Street
Suite 500
Rochester, New York 14614

FOR DEFENDANT:        THE ROBINSON LAW FIRM
                      BY:  SAFA ROBINSON-FERRER, ESQ.
                      2480 Browncroft Boulevard
                      Rochester, New York 14614

ALSO PRESENT:         NICHOLAS BAVARIA, U.S. PROBATION OFFICER



COURT REPORTER:       Diane S. Martens
                      dmartensreporter@gmail.com

U.S. vs. McFadden - 22-CR-6053


**P R O C E E D I N G S**

\*               \*               \*

 

(**WHEREUPON**, the defendant is present.)

10:36AM   **THE COURT:**  For the record, this is the matter of the United States vs. Dyshika McFadden.

For the record, you are Dyshika McFadden, is that correct?

**THE DEFENDANT:**  Yes.

10:36AM   **THE COURT:**  And you're appearing with your attorney, Ms. Robinson-Ferrer; is that correct?

**THE DEFENDANT:**  Yes.

**MS. ROBINSON-FERRER:**  Good morning, your Honor.

**THE COURT:**  Ms. Kocher is here on behalf of the

10:36AM   government.

Mr. Bavaria on behalf of probation.

Let me explain why we're here, Mr. McFadden, although I'm sure Ms. Robinson-Ferrer has explained it to you.

At the time I sentenced you last time it was believed

10:37AM   you could make full restitution and that was the recommendation in the presentence report which I accepted.

However, I did receive the following letter from Ms. Robinson-Ferrer.

It says:  "Your Honor, I spoke with Mr. McFadden and his

10:37AM   mother on August 24th, 2022, and was told payment for his

10:37AM   1   late grandmother's mortgage came out of his account and that

          2   he does not have full restitution amount at this time.

          3       They are awaiting insurance funds from his late

          4   grandmother's policy and they will then be able to pay.  We

10:37AM   5   are unaware of the date the funds will be distributed.

          6       As such, I respectfully request an extension of time to

          7   pay the restitution, if the Court will allow it."

          8       I certainly would allow it but the problem is we don't

          9   know when the insurance is going to be paid, unless we have a

10:37AM  10   better idea now?

         11       **MS. ROBINSON-FERRER:**  Your Honor, I did have an

         12   opportunity to speak to my client's mother this morning.

         13   They had been awaiting the death certificate of the

         14   grandfather, I believe just proof of death that him and her

10:38AM  15   have passed away.  So that they will disburse the funds.

         16   They did receive that.  So she plans on providing that to the

         17   insurance company today so that they can get the funds.

         18       **THE COURT:**  Give me an idea of how long.

         19       So, Mr. Bavaria, what's the full restitution?  $4,287;

10:38AM  20   is that right?

         21       **PROBATION OFFICER BAVARIA:**  That's correct, your Honor.

         22       **THE COURT:**  So you give me an idea.  When can he --

         23   because we gave him 30 days in the original sentence, is that

         24   correct?

10:38AM  25       **PROBATION OFFICER BAVARIA:**  Yes, your Honor.

U.S. vs. McFadden - 22-CR-6053

| | | |
|---|---|---|
| 10:38AM | 1 | **THE COURT:**  Can he make payment within 30 days? |
| | 2 | (WHEREUPON, discussion held off the record between |
| | 3 | defendant and Ms. Robinson-Ferrer.) |
| | 4 | **MS. ROBINSON-FERRER:**  I'm sorry, what was that? |
| 10:38AM | 5 | **THE COURT:**  Will he be able to pay it within 30 days? |
| | 6 | (WHEREUPON, discussion held off the record between |
| | 7 | defendant and Ms. Robinson-Ferrer.) |
| | 8 | **MS. ROBINSON-FERRER:**  Your Honor, there is the |
| | 9 | possibility for that to be done. |
| 10:39AM | 10 | However, my client is one of the beneficiaries on the |
| | 11 | insurance policy.  They are providing the documentation today |
| | 12 | but once that is gone through, I believe he's -- he has to |
| | 13 | get some sort of proxy and has to do that while he's |
| | 14 | incarcerated to be able to manage the funds -- |
| 10:39AM | 15 | **THE COURT:**  Okay.  Maybe you can explain this to me. |
| | 16 | Mr. Bavaria informed the Court that he interviewed |
| | 17 | Mr. McFadden on June 21st, 2022, and Mr. McFadden reported |
| | 18 | having an account with Wells Fargo with approximately 10,000 |
| | 19 | in it, and that Mr. McFadden provided Mr. Bavaria with a copy |
| 10:39AM | 20 | of the Wells Fargo statement dated July 31st, 2022, which |
| | 21 | showed a beginning balance of $8,618.76.  Deposits of |
| | 22 | $5,365.22, and an ending balance of $5,945.28. |
| | 23 | So, at least as of July 31st, Mr. Bavaria, is it correct |
| | 24 | that you observed that he had $5,954.28? |
| 10:40AM | 25 | **PROBATION OFFICER BAVARIA:**  Yes, your Honor. |

U.S. vs. McFadden - 22-CR-6053

10:40AM  1      **THE COURT:**  So, what happened?  I guess we're trying to

2  figure out when was this mortgage.

3      "I spoke with Mr. McFadden and was told a payment for

4  his late grandmother's mortgage came out of his account."

10:40AM  5      If we look at that Wells Fargo account, did you pay a

6  mortgage payment out of that?

7      **THE DEFENDANT:**  Yeah, well, it comes -- I have to pay it

8  in cash because it's, when my grandfather passed, it's still

9  in his name.

10:41AM  10      **THE COURT:**  No, no, no.  We're talking about this

11  account.  You have, according to what Mr. Bavaria's telling

12  me, you have, you --

13      **THE DEFENDANT:**  Yes.

14      **THE COURT:**  -- have a Wells Fargo bank account and you

10:41AM  15  showed Mr. Bavaria the statement.  I take it the statement --

16  is the account is in his name, Mr. Bavaria?

17      **PROBATION OFFICER BAVARIA:**  Your Honor, the account is

18  in the business name but during the presentence interview, he

19  indicated that it's both for business and personal use.

10:41AM  20      **THE COURT:**  So I'm just trying to figure out.  We're not

21  talking about the insurance settlement now.  We're talking

22  about this bank account.

23      So, how much is in the bank account now.

24      **THE DEFENDANT:**  I wouldn't know right now, offhand.

10:41AM  25      **THE COURT:**  But, how did you pay -- your mother, you

U.S. vs. McFadden - 22-CR-6053

10:41AM  1  told, according to this letter, you told Ms. Robinson-Ferrer

2  that on August 24th, 2022, you made a payment of your

3  grandmother's mortgage.

4      **THE DEFENDANT:**  (No response.)

10:42AM  5     (WHEREUPON, discussion held off the record between

6      defendant and Ms. Robinson-Ferrer.)

7      **THE COURT:**  Who's in court here right now?

8      **MS. ROBINSON-FERRER:**  Your Honor, it's his mother, Lisa

9  McFadden.

10:42AM  10      **THE COURT:**  Maybe you can come on up and explain this to

11  us.

12      **THE DEFENDANT:**  It's better if I say if --

13      **THE COURT:**  Because he's got to pay restitution and I'm

14  confused.

10:42AM  15     And you can come right up here.  So, we're trying to

16  figure this out.

17      **LISA MCFADDEN:**  Mm-hmm.

18      **THE COURT:**  How -- out of what moneys was the -- first

19  of all, what was the mortgage payment, it would be for your

10:42AM  20  mother's account?

21      **LISA MCFADDEN:**  Yeah.  And so what it is is that he was

22  behind and in my mother's account also and so he paid that

23  off and then he had to pay the rent in California, also.  And

24  then there's a rental fee that we have to pay and then on top

10:43AM  25  of that, we have to pay the workers also.

U.S. vs. McFadden - 22-CR-6053

10:43AM  1    **THE COURT:**  Okay, now.

2    **LISA MCFADDEN:**  And we end up losing mad jobs here

3    because he's not here to do them any more.  So what I did was

4    I end up paying all the bills in advance so it won't be a

10:43AM  5    problem later so I don't know where I'm going to get the

6    money from.  So what we really was doing, we were banking on

7    my mother's -- not my mother, my dad's insurance.  We were

8    supposed to get that in ten days.  But the problem with that

9    is they don't have the original, my dad's original birth

10:43AM  10   certificate.  We just got that.  My sister just got it on

11   Friday so they said that we should get the money within ten

12   business days they said.  So that's how I was going to pay

13   but I would have had to --

14   **THE COURT:**  Let me ask you this.  This is a business

10:43AM  15   account?

16   **LISA MCFADDEN:**  Mm-hmm.

17   **THE COURT:**  Can you write checks out of the account?

18   **LISA MCFADDEN:**  I didn't -- I didn't order checks.  We

19   just -- how we do is that we just pay -- people don't use

10:44AM  20   checks any more.  I'm surprised.

21   **THE COURT:**  I'm trying to think.  Who has the authority

22   to make withdrawals out of the account?

23   **LISA MCFADDEN:**  I do now.  I'm his secretary.  So I do

24   everything.  I pay all the bills.

10:44AM  25   **THE COURT:**  So you're the secretary.  What's the name of

U.S. vs. McFadden - 22-CR-6053

10:44AM   1    the business?

2         **LISA MCFADDEN:**  It's 2169 Cleaning and Janitorial

3    Service.

4         **THE COURT:**  Is it a corporation or?

10:44AM   5         **LISA MCFADDEN:**  Just an LLC.

6         **THE COURT:**  LLC?

7         **LISA MCFADDEN:**  Yeah.

8         **THE COURT:**  So you're the secretary and you can write

9    checks?

10:44AM  10         **LISA MCFADDEN:**  Yeah.  I don't pay nobody through checks

11   because nobody uses checks any more.

12         **THE COURT:**  How do you make the payments, then, eChecks?

13         **LISA MCFADDEN:**  No.  I take the money inside the bank or

14   I just call -- I just call them and then I just pay it that

10:44AM  15   way.  I just call --

16         **THE COURT:**  How is --

17         **LISA MCFADDEN:**  How I paid the mortgage is I went inside

18   the bank and I made a payment to the mortgage and the lady

19   can justify that.

10:44AM  20         **THE COURT:**  So you made a payment.  Who's the mortgage

21   holder on your mother's house?

22         **LISA MCFADDEN:**  M&T Bank.

23         **THE COURT:**  So M&T Bank holds the mortgage?

24         **LISA MCFADDEN:**  Mm-hmm.

10:44AM  25         **THE COURT:**  So you went to Wells Fargo?

U.S. vs. McFadden - 22-CR-6053

10:45AM    1       **LISA MCFADDEN:**  No.  I withdrew the money from the ATM

2     and then I go to Wells, then I pay the mortgage.

3         **THE COURT:**  So do you have a debit account for the

4     business --

10:45AM    5       **LISA MCFADDEN:**  Mm-hmm.

6         **THE COURT:**  -- fair statement?

7         **LISA MCFADDEN:**  Mm-hmm.

8         **THE COURT:**  When and how much did you withdraw?

9         **LISA MCFADDEN:**  On Friday I took out 1300 and I paid

10:45AM   10   that.

11        **THE COURT:**  So, this past Friday, after he was

12    sentenced?

13        **LISA MCFADDEN:**  Mm-hmm.

14        **THE COURT:**  So after he was sentenced --

10:45AM   15       **LISA MCFADDEN:**  Mm-hmm.

16        **THE COURT:**  -- you went to the ATM and you took out how

17    much?

18        **LISA MCFADDEN:**  Thirteen.  This, this Friday I did.

19    This Friday.  This weekend I did.  Saturday.  This Saturday I

10:45AM   20   did it.  I paid the mortgage.

21        **THE COURT:**  Okay.  When -- let's take it one step at a

22    time and I know you're a little nervous so let's relax.

23        So, you went to the Wells Fargo ATM?

24        **LISA MCFADDEN:**  No, not Wells Fargo.  I went to M&T Bank

10:45AM   25   ATM.

U.S. vs. McFadden - 22-CR-6053

10:45AM  1      **THE COURT:**  But the account in which the money is

2  deposited is Wells Fargo is that right?

3      **LISA MCFADDEN:**  Yes.

4      **THE COURT:**  So you went to M&T Bank because you have

10:46AM  5  a -- was it the Wells Fargo debit card, though, that you

6  used?

7      **LISA MCFADDEN:**  Yes.

8      **THE COURT:**  Did you have to pay a service fee?

9      **LISA MCFADDEN:**  Yeah.

10:46AM  10      **THE COURT:**  Because you went to a different?

11      **LISA MCFADDEN:**  Yeah.

12      **THE COURT:**  Okay.  Got it so far.

13      So, this past Saturday -- today's the 29th -- so,

14  Saturday would have been the 27th.

10:46AM  15      **LISA MCFADDEN:**  Yes.

16      **THE COURT:**  So on the 27th after he was sentenced?

17      **LISA MCFADDEN:**  He was sentenced on the 16th.

18      **THE COURT:**  Right.  So well --

19      **LISA MCFADDEN:**  Oh.

10:46AM  20      **THE COURT:**  Right.  Well after he was sentenced.

21      **LISA MCFADDEN:**  Mm-hmm.

22      **THE COURT:**  And he was supposed to make payment of the

23  money, you went you went to M&T Bank and took out how much?

24      **LISA MCFADDEN:**  13.

10:46AM  25      **THE COURT:**  1300?

U.S. vs. McFadden - 22-CR-6053

10:46AM    1        **LISA MCFADDEN:**  Mm-hmm.

           2        **THE COURT:**  I thought M&T had a limit of 500?

           3        **LISA MCFADDEN:**  No.  I could show you the receipt.

           4        **THE COURT:**  I'm just saying on my account the most I can

10:46AM    5  take out is 500.

           6        **LISA MCFADDEN:**  No, you can go to the ATM, you can only

           7  get a thousand out, the lady said.  So I took the thousand.

           8  I paid that.  And then I came back on that Saturday because

           9  they only allow you to take so much out on your business

10:47AM   10  account.  So I was able to get the thousand.

          11        **THE COURT:**  So when did you take the thousand dollars?

          12        **LISA MCFADDEN:**  On Friday.

          13        **THE COURT:**  On Friday.  Then Saturday you went back and

          14  took another 300?

10:47AM   15        **LISA MCFADDEN:**  Yeah, and then I paid that.

          16        **THE COURT:**  And then you went to -- you paid the

          17  mortgage right at M&T Bank?

          18        **LISA MCFADDEN:**  Yes.

          19        **THE COURT:**  So that's 1300.  And then what you -- you

10:47AM   20  took more money out?

          21        **LISA MCFADDEN:**  I paid more bills, yes.  I paid the rent

          22  in California.

          23        **THE COURT:**  When was that paid?

          24        **LISA MCFADDEN:**  I don't -- whatever, whenever the 1st

10:47AM   25  was.  I think the 1st because I was -- it was behind so I

U.S. vs. McFadden - 22-CR-6053

10:47AM  1   think it was the --

2     **THE COURT:**  The rent because he has an apartment in

3   California?

4     **LISA MCFADDEN:**  Yeah.

10:47AM  5     **THE COURT:**  So you paid the rent in California?

6     **LISA MCFADDEN:**  Mm-hmm, yes.

7     **THE COURT:**  And you're the secretary.  So how much is in

8   the business account now?

9     **LISA MCFADDEN:**  $544.

10:48AM  10     **THE COURT:**  So there's only $544 in the business

11   account.  So you paid the mortgage --

12     **LISA MCFADDEN:**  Mm-hmm.

13     **THE COURT:**  -- of 1300.  What was the apartment payment

14   that you made, any idea?

10:48AM  15     **LISA MCFADDEN:**  1100.

16     **THE COURT:**  1100.

17     **LISA MCFADDEN:**  Mm-hmm.

18     **THE COURT:**  Then what else did you pay?

19     **LISA MCFADDEN:**  I paid my workers.  I paid the workers

10:48AM  20   that work for us.

21     **THE COURT:**  How much was that, do you have any idea?

22     **LISA MCFADDEN:**  Ah.

23     **THE COURT:**  So you pay them in cash.

24     **LISA MCFADDEN:**  I give them -- no.  I don't pay them in

10:48AM  25   cash.  I pay them through Zelle.  I pay them in Zelle.

U.S. vs. McFadden - 22-CR-6053

10:48AM    1        **THE COURT:**  You Zelle them the money?

2        **LISA MCFADDEN:**  Yeah.

3        **THE COURT:**  And you can do that because I know M&T has

4    a --

10:48AM    5        **LISA MCFADDEN:**  We go through Wells Fargo.  We don't --

6    the business account is Wells Fargo.

7        **THE COURT:**  So with Wells Fargo, you can Zelle money out

8    of the account?

9        **LISA MCFADDEN:**  Yes.

10:48AM   10        **THE COURT:**  So how much?

11        **LISA MCFADDEN:**  For one of them, it should -- I paid

12    them weekly a thousand dollars.

13        **THE COURT:**  So that's another thousand --

14        **LISA MCFADDEN:**  No, not weekly.  Monthly.  It's a

10:48AM   15    thousand dollars for each.  So I have two that does his radio

16    studio.

17        **THE COURT:**  So you had to draw another $2,000 to pay the

18    workers, a thousand each?

19        **LISA MCFADDEN:**  Within a month, yeah, a month.  They get

10:49AM   20    paid 250 a week.

21        **THE COURT:**  But you hadn't paid them so you had to give

22    them the monthly salary?

23        **LISA MCFADDEN:**  I pay them every week.  Every week they

24    get paid 250.  Every Friday -- the one gets paid on Friday

10:49AM   25    and the other one gets paid on Wednesday.  And they did a

U.S. vs. McFadden - 22-CR-6053

10:49AM   1   wedding for me.  What messed me up really is the wedding.

2   They been doing weddings for me.  They don't -- some people

3   just don't pay the day when we finish the job but I still

4   have to pay the workers.  Like they'll come out and work for

10:49AM   5   me but I still have to pay them if I tell them I'm going to

6   pay them.

7       THE COURT:  In any event, to get this straight, between

8   the time that Mr. Bavaria looked at the bank statement is

9   July 21st, that was the statement dated?

10:49AM  10       PROBATION OFFICER BAVARIA:  The statement was dated

11   July 31st.  It was sent by the defendant's attorney on

12   August 12th.

13       LISA MCFADDEN:  How much was in there on July 31st?

14       THE COURT:  On July 31st there was $5,954.28 in the

10:50AM  15   account.

16       LISA MCFADDEN:  Okay.  Then on top of that, monthly

17   because we rent a vehicle, the vehicle monthly is one

18   thousand.  I got receipts for everything.  So if you want to

19   see them, I'll be glad to show you.  Because I have to do it

10:50AM  20   for my tax purpose -- for his tax purpose so they won't come

21   after him.  So, on top of that I had to pay the -- we have a

22   rental car.  The rental car for that month is one thousand

23   four hundred and something dollars.

24       THE COURT:  Are you running the business still?

10:50AM  25       LISA MCFADDEN:  Yeah, I'm not going to let it go because

U.S. vs. McFadden - 22-CR-6053

10:50AM  1  it was -- I was doing it for my parents, so it has to go on.

2      **THE COURT:**  I appreciate that.  You're keeping it

3  afloat.

4      **LISA MCFADDEN:**  Yes, I have to.

10:50AM  5      **THE COURT:**  So, essentially what you're saying is that

6  this business account now has only 500 bucks?

7      **LISA MCFADDEN:**  Mm-hmm.

8      **THE COURT:**  So there's this insurance proceeds?

9      **LISA MCFADDEN:**  Yes.

10:50AM  10     **THE COURT:**  Who is the beneficiary of the policy?

11     **LISA MCFADDEN:**  My sister Rosaline McFadden but my mom

12  also has me on there.  My sister has sent them a copy of my

13  dad's death certificate.  They told her they need the

14  original.

10:51AM  15     **THE COURT:**  So, you and your sister are beneficiaries of

16  the policy?

17     **LISA MCFADDEN:**  Yes.

18     **THE COURT:**  So you each get half of the proceeds?

19     **LISA MCFADDEN:**  Yes.

10:51AM  20     **THE COURT:**  So, Mr. McFadden, your son, he's not a

21  beneficiary, is he?

22     **LISA MCFADDEN:**  We think so because she said it was a

23  third person.  We just don't know who the third person is but

24  we assuming that it's him because that's --

10:51AM  25     **THE COURT:**  Do you have any other -- you have you and

U.S. vs. McFadden - 22-CR-6053

10:51AM  1   your sister.  Do you have any other siblings?

2          **LISA MCFADDEN:**  No, but my mom considered him her son.

3   My mom raised him.  That was their child.  So, we found out

4   there's a third person.  So, I don't know.  We'll get our

10:51AM  5   half, me and our sister, we get our half.

6          **THE COURT:**  How much is the policy for?

7          **LISA MCFADDEN:**  They wouldn't share that with us.  They

8   said they need the information.  But I'm pretty sure my mom

9   had told me before she decide that it was enough to pay her

10:51AM  10  house off.  There was also enough to take care of us for a

11  while.  But we were going to -- I told him.  I said I paid

12  your bills and what I'll do is when I get the money, I'll

13  just pay the restitution.

14         **THE COURT:**  I'm surprised that they -- what insurance

10:52AM  15  company is it?

16         **LISA MCFADDEN:**  It's Cabot (phonetic).  Cabot.  They

17  don't tell you how much money you're getting.  They never do.

18  If we don't have the original paperwork, they're not telling

19  you anything.

10:52AM  20         **THE COURT:**  So you couldn't find the original policy of

21  your mother's?

22         **LISA MCFADDEN:**  No.  My sister, my oldest sister, she's

23  a...

24         **THE COURT:**  How did you even know there was a policy

10:52AM  25  then?

U.S. vs. McFadden - 22-CR-6053

10:52AM 1    **LISA MCFADDEN:**  She, my sister has -- my oldest sister

2    has the original copy of the policy.  She won't give it to

3    us.  And we called, somehow we managed to call.  My sister,

4    she actually called me on the phone.  She did it on a

10:52AM 5    three-way line and I end up talking to them and they mailed

6    us the information.  So --

7        **THE COURT:**  Okay.

8        **LISA MCFADDEN:**  -- we're getting money.  And like I told

9    him, I'm going to pay the restitution.  Just give me a little

10:52AM 10   time.

11       **THE COURT:**  You know what, I believe you are.

12       **LISA MCFADDEN:**  I am.  I don't have time for $4,000 to

13   be held over his shoulder.  I'm going to pay it.

14       **THE COURT:**  Listen.  You seem like a very honest lady

10:53AM 15   and a hardworking lady.  I appreciate you sharing all this

16   information with us and I know you're trying to do your best

17   to keep the business afloat.  So thanks for telling us all

18   that.  I appreciate it.  Don't be nervous about anything.

19       **LISA MCFADDEN:**  I don't want him to get in more trouble,

10:53AM 20   that's the thing.  I don't want him to get in trouble.  It's

21   my fault.  Blame me.

22       **THE COURT:**  I'm not blaming.

23       **LISA MCFADDEN:**  I pay the bills.

24       **THE COURT:**  The last person I would blame is you.  We

10:53AM 25   live in a difficult time, especially if you're a small

U.S. vs. McFadden - 22-CR-6053

10:53AM | 1 | business person to try to keep the business going.  So, no
2 | problem.
3 | You can go back and have a seat.  And thanks for coming
4 | up.
10:53AM | 5 | I think the best approach is to resentence him.
6 | Again, we don't even know whether Mr. McFadden will have
7 | any -- we don't know who the third beneficiary is.  His mom
8 | believes it's him but we don't know.
9 | Here's what I'm going to do.
10:53AM | 10 | Is it Ms. McFadden?
11 | **LISA MCFADDEN:**  Yes, I'm single so it's Miss.
12 | **THE COURT:**  Pardon?
13 | **LISA MCFADDEN:**  You can just call me Lisa.
14 | **THE COURT:**  What I'm going to do is this.
10:54AM | 15 | I'm going to resentence him and just order him to pay a
16 | certain amount while he's serving his sentence and then
17 | impose an amount when he gets out.
18 | If the point comes and you want to pay it all off for
19 | him, you certainly are free to do that.
10:54AM | 20 | If that happens -- so I'm going to impose the standard
21 | condition, Mr. Bavaria.
22 | If his mom wants to come in and pay it all off, how is
23 | it, how can she do that?  Can she just contact you?
24 | **PROBATION OFFICER BAVARIA:**  Your Honor, I believe that
10:54AM | 25 | she should go to the clerk's office.

U.S. vs. McFadden - 22-CR-6053

10:54AM   1        **THE COURT:**  How do we stop, though, them -- in other

2    words, if I order the standard condition that if you're

3    UNICOR, nonUNICOR you pay a certain amount and she decides

4    she wants to come in and pay it all off, how do we stop them

10:55AM   5    from taking money, to the extent he's able to earn anything,

6    how do we stop them from taking money out of his account?

7    You know what I mean how do we stop them from?

8        **PROBATION OFFICER BAVARIA:**  Yes, I do understand.

9        I believe that once it's satisfied in full, there's a

10:55AM  10    notification that goes out in the system, the OPRA (phonetic)

11    system that it's been paid in full.

12        **THE COURT:**  Okay.  So here's what I'm going to do.

13        I'm going to resentence him, not direct that he pay it

14    within 30 days -- because, hopefully, he's the beneficiary

10:55AM  15    but we don't know for sure -- and impose conditions on him to

16    make the payment.

17        If you want to come in and make the entire payment, you

18    would come to the clerk's office.

19        I'm sure Ms. Robinson-Ferrer would help you do that so

10:55AM  20    call her if you want to make payment and then that way when

21    he does his sentence, he won't have any financial obligation.

22        Does that make sense to you?

23        **LISA MCFADDEN:**  Yes.

24        **THE COURT:**  Okay.  So, again, pursuant to Rule 35, the

10:56AM  25    Court will resentence and ask Mr. Bavaria, if you pass an

U.S. vs. McFadden - 22-CR-6053

10:56AM    1   amended judgment, this is within 14 days I think of the

2   original sentence.

3       So previously the Court ordered that he make the

4   restitution of $4287 within 30 days.  That appears not likely

10:56AM    5   because of the situation, very in detail, put on the record

6   by his mom.

7       So with respect to restitution, I'm going to resentence

8   in this regard.  I'm going to say pursuant to 18 U.S.C.

9   Section 3663(a), it is ordered that the defendant make

10:56AM   10   restitution to the City of Rochester in the amount of $4,287.

11   The restitution is due immediately.  Interest on the

12   restitution is waived.

13       Restitution will be joint and several with any other

14   defendants convicted in this case or any related case who

10:56AM   15   share the same victim and losses specifically Miguel Ramos

16   and Christopher Tindal.

17       While incarcerated, if you are what is called a

18   nonUNICOR or UNICOR grade five, you shall pay installments of

19   25 per quarter.  If assigned grades one through four in

10:57AM   20   UNICOR, you shall pay installments of 50 percent of your

21   monthly pay.

22       After considering the factors set forth in 18 U.S.C.

23   Section 3664(f)(2), while on supervision, you shall make

24   payments at the rate of 10 percent of your monthly gross

10:57AM   25   income.

U.S. vs. McFadden - 22-CR-6053

10:57AM   1        I'm directing the judgment be amended accordingly.

          2        Now, just to further complicate matters.  If his mom

          3    wants to come in and make full restitution, how do we get the

          4    number because have Tindal and Ramos been convicted and

10:57AM   5    sentenced?

          6        **PROBATION OFFICER BAVARIA:**  Miguel Ramos has been

          7    sentenced.  I do not believe Christopher Tindal has and I did

          8    check originally before the original sentencing.  And I don't

          9    believe that Miguel Ramos has been incarcerated long enough

10:58AM  10    to have any payments taken out so there's still the full

         11    amount.

         12        **THE COURT:**  There's still the full amount due.

         13        If his mom wants to get a handle on what, you know, in

         14    60 days or 30 days, whatever it takes to get the insurance,

10:58AM  15    if she wants to get a handle on how much is really owed, how

         16    would she do that?

         17        **PROBATION OFFICER BAVARIA:**  I would recommend the

         18    clerk's office, your Honor.

         19        **THE COURT:**  So the clerk's office would have that

10:58AM  20    information?

         21        **PROBATION OFFICER BAVARIA:**  I believe so.

         22        **THE COURT:**  So here's what we're going to do.  When you

         23    want to make payment, you call Ms. Robinson-Ferrer, okay.

         24        **LISA MCFADDEN:**  Mm-hmm.

10:58AM  25        **THE COURT:**  She'll contact the clerk's office to try to

U.S. vs. McFadden - 22-CR-6053

| | | |
|---|---|---|
| 10:58AM | 1 | get you a number. |
| | 2 | When I say joint and several, it means that -- |
| | 3 | somebody's got to pay for the car, the police car.  But you |
| | 4 | can't collect for it three times.  So whoever's got money has |
| 10:58AM | 5 | to pay for it.  So if by the time you get your money, if |
| | 6 | maybe Ramos has paid some money on it, it may be a little |
| | 7 | less than $4,287 but I think it's probably a good idea if |
| | 8 | whatever it is, you pay it off so when he gets done with his |
| | 9 | sentence, he doesn't come out having to owe any money. |
| 10:59AM | 10 | So we'll resentence accordingly. |
| | 11 | I would appreciate you prepare an amended judgment and |
| | 12 | that's our game plan. |
| | 13 | Does anybody have any questions at all? |
| | 14 | (No response.) |
| 10:59AM | 15 | **THE COURT:**  Okay.  Do you understand what's going on, |
| | 16 | Mr. McFadden? |
| | 17 | **THE DEFENDANT:**  Yes. |
| | 18 | **THE COURT:**  Again, I guess a lot depends on -- and if |
| | 19 | you come into -- and I'm directing this, as well, you should |
| 10:59AM | 20 | include this in -- if you come into any assets, and that |
| | 21 | includes gambling winnings or inheritance or insurance |
| | 22 | settlements which you may come into, then you have to notify |
| | 23 | probation.  And if you do come into that, then any |
| | 24 | outstanding payment would come out of your share; do you |
| 10:59AM | 25 | understand? |

U.S. vs. McFadden - 22-CR-6053

10:59AM | 1 | **THE DEFENDANT:**  Yes.

2 | **THE COURT:**  On the other hand, if it turns out that he's

3 | not the third party, you know, he's not the third named one

4 | and your mom wants to make payment for you she can do that.

11:00AM | 5 | But if you get money -- and let's include that standard

6 | language in that.

7 | **LISA MCFADDEN:**  We're going to pay it as soon as we get

8 | the money.

9 | **THE COURT:**  I have, you know what.

11:00AM | 10 | **LISA MCFADDEN:**  Oh.

11 | **THE COURT:**  Here's one thing I'm sure of.  You're a very

12 | nice lady.  I know you're going to pay it.  And that's, in

13 | this day and age, let me tell you that's very much to your

14 | credit, do you understand, because a lot of people wouldn't

11:00AM | 15 | take that responsibility.

16 | So, I have no doubt you're going to pay.  And all I'm

17 | saying is if he gets it, if he gets a third, the payment

18 | should come out of his share not yours and I hope you keep --

19 | what's the name of the business again?

11:00AM | 20 | **LISA MCFADDEN:**  2169.

21 | **THE COURT:**  You got a lot of clients?

22 | **LISA MCFADDEN:**  We did but we lost a few because of him

23 | but it's fine.  It will go back up.

24 | **THE COURT:**  Give him a hit in the head when he comes out

11:00AM | 25 | so there's no repeat of this, okay.

U.S. vs. McFadden - 22-CR-6053

11:00AM  1    **LISA MCFADDEN:**  Mm-hmm.

2    **THE COURT:**  All right.  Thank you very much.

3    **MS. ROBINSON-FERRER:**  Your Honor, just for clarification

4    purposes with regard to the compliance date for the

11:01AM  5    restitution being due, there is none?

6    **THE COURT:**  There is none right now.  There's no 30 days

7    because we really don't know what's going to happen.  I think

8    he understands his obligation and I have no doubt that his

9    mom's going to do her best to try to satisfy it whenever she

11:01AM  10   can.

11   **MS. ROBINSON-FERRER:**  Thank you, Judge.

12   **THE COURT:**  Thank you.

13   (WHEREUPON, proceedings adjourned.)

14

15

16

17

18

19

20

21

22

23

24

25

U.S. vs. McFadden - 22-CR-6053

1

2                           *           *           *

3                    **CERTIFICATE OF REPORTER**

4

5          In accordance with 28, U.S.C., 753(b), I

6    certify that these original notes are a true and correct

7    record of proceedings in the United States District Court

8    of the Western District of New York before the

9    Honorable Charles J. Siragusa on August 29, 2022.

10

11

12   S/ Diane S. Martens

13   Diane S. Martens, FCRR, RPR
     Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25